UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLLARD & WHEELER PROPERTIES, LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>RONALD E. CEARLEY, et al.,<br><br>            Defendants. | No. 2:15-cv-1068 TLN AC (PS)<br><br><u>ORDER AND FINDINGS & RECOMMENDATIONS</u> |

      According to defendant's Notice of Removal, plaintiff Pollard & Wheeler Properties, LLC, commenced an unlawful detainer action against defendant in the San Joaquin County Superior Court (Manteca), on April 20, 2015. ECF No. 1 at 7-12 (summons and complaint). Defendant Cearley removed the unlawful detainer action to this court on May 18, 2015. ECF No. 1. He also requests leave to proceed in forma pauperis. ECF No. 2.

      Defendant has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, defendant's request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

      Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), when a party seeks to proceed in forma pauperis, the court shall dismiss the case "at any time," if the court determines that the action is frivolous, or fails to state a claim upon which relief can be granted. If the court lacks jurisdiction

1

over the subject matter of the complaint, see Fed. R. Civ. P. 12(b)(1), the action is properly dismissed under the in forma pauperis statute. See Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995) ("As Cato's complaint neither identifies any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction or waiver of sovereign immunity, it was properly dismissed" under the in forma pauperis statute); Henshall v. Central Parking, Inc., 2008 WL 152195 at *1 (N.D. Cal. 2008) (same); Pergamensch v. Novato Police Dept., 2007 WL 80727 at *2 (N.D. Cal. 2007) ("pursuant to its authority under 28 U.S.C. § 1915, the court hereby DISMISSES plaintiff's complaint for lack of subject matter jurisdiction and because as such, it is frivolous").

Even apart from the authority granted by the in forma pauperis statute, this court must remand the action once it becomes apparent that it lacks subject matter jurisdiction. 28 U.S.C. § 1447 ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004) ("[i]f the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court"), cert. denied, 544 U.S. 974 (2005).

Here, the court lacks subject matter jurisdiction over the removed action. This court has jurisdiction over an action removed from state court only if the action could have been brought in this court initially under its original jurisdiction. 28 U.S.C. § 1441(a) (permitting removal of actions "of which the district courts of the United States have original jurisdiction"); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("[r]emoval is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court"); Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) ("[t]he general removal statute, 28 U.S.C. § 1441(a), grants district courts jurisdiction over state court actions that originally could have been brought in federal court").

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Furthermore, "jurisdiction must be rejected if there is any doubt as

to the right of removal in the first instance." Id.  The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.

Attached to the Notice of Removal is a copy of the complaint and exhibits filed by plaintiff in the San Joaquin County Superior Court.  ECF No. 1 at 9-18.  The complaint contains a single claim for unlawful detainer.  Id. at 9-12.  It contains no claim within the original jurisdiction of this court, and evidences no other basis for federal jurisdiction.  Defendant, in his Notice of Removal, does not expressly assert that there is a basis for federal jurisdiction over the unlawful detainer action.  However, he does assert that (1) the action involves the same property that is in dispute in Cearley v. Wells Fargo Bank, 2:15-cv-0353 MCE EFB (E.D. Cal.),[1] and (2) the unlawful detainer action was filed in violation of California's civil and criminal laws, and unspecified "Federal Laws."  ECF No. 1 at 2.  None of these assertions warrant the exercise of removal jurisdiction in this case.

Removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court.  See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) ("[n]or can federal jurisdiction rest upon an actual or anticipated counterclaim"); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (9th Cir. 2009) (federal jurisdiction cannot rest upon a federal defense to the state action); accord, Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998) (federal question raised in third-party claim does not provide removal jurisdiction), cert. denied, 525 U.S. 1068 (1999).

Moreover, there is no legal basis for predicating removal jurisdiction on the grounds that the state lawsuit involves property that is involved in another federal lawsuit.  See Energy Management Services, LLC v. City of Alexandria, 739 F.3d 255, 260 (5th Cir. 2014) ("'[t]hat a related case was pending in federal court [i]s not in itself sufficient grounds for removal under 28 U.S.C. § 1441'") (quoting Fabricius v. Freeman, 466 F.2d 689, 693 (7th Cir. 1972)); FNMA v.

---

[1] Defendant has filed a motion in Cearley to consolidate that case with this one.  See ECF No. 3.

1  Bridgeman, 2010 WL 5330499 at *5 (E.D. Cal. 2010) ("Several courts have correctly rejected the
2  premise that a state law claim may be removed to federal court on the basis of a related case in
3  federal court") (collecting cases).
4      In summary, the state court complaint indicates that the only cause of action is one for
5  unlawful detainer, which arises solely under state law and not under federal law.  Thus, this action
6  does not arise under federal law, and no other grounds for federal jurisdiction are apparent.
7      Based on the foregoing, IT IS HEREBY ORDERED that defendant's motion to proceed
8  in forma pauperis (ECF No. 2), is GRANTED; and
9      IT IS HEREBY RECOMMENDED that this action be remanded to the San Joaquin
10 County Superior Court.
11     These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days
13 after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a
15 document should be captioned "Objections to Magistrate Judge's Findings and
16 Recommendations."  Any response to the objections shall be filed with the court and served on all
17 parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file
18 objections within the specified time may waive the right to appeal the District Court's order.
19 Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57
20 (9th Cir. 1991).
21 DATED: May 22, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4